UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OKLAHOMA

RAJA'EE FATIHAH,

    Plaintiff,

v.

CHAD NEAL (d.b.a. Save Yourself Survival and Tactical Gun Range) and NICOLE MAYHORN NEAL (d.b.a. Save Yourself Survival and Tactical Gun Range),

    Defendants.

No. 16-cv-58-JHP

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND SUPPLEMENTAL STATE TORT RELIEF**

**[DEMAND FOR JURY TRIAL]**

    Defendants Chad Neal and Nicole Mayhorn Neal ("Defendants"), by and through their attorneys, hereby file this Answer in response to the allegations of Plaintiff's First Amended Complaint for Injunctive Relief and Supplemental State Tort Relief ("Amended Complaint") and affirmatively deny any wrongdoing and further assert that this case is about public safety and not religious discrimination and that no federal or state law compels owners of a firing range, an inherently dangerous business, to permit someone to fire a weapon on their premises when the owners believe that the person poses a safety threat to them, their employees and customers, and the general public.

    1.    Defendants deny the allegations set forth in paragraph 1 of the Amended Complaint and affirmatively state that every person must be a member to fire at the firing range, that each membership application is subject to review, and that a membership is only available to persons of legal age and who do not pose a safety threat without regard to the person's race, color, religion, or gender. Insofar as paragraph 1 contains a legal conclusion regarding whether "[t]his store and

range is otherwise operated as a place of public accommodation," no response is required.  Insofar as a response is required, the allegation is denied.

2. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 2 of the Amended Complaint and as such deny the allegations contained therein. With regard to the allegation that "Fatihah has been denied access to Defendants' business and refused service by them based solely on his adherence to the Muslim faith," this allegation is denied.

3. The allegations contained in paragraph 3 of the Amended Complaint are denied. Insofar as paragraph 3 also contains legal conclusions, no response is required.

4. The allegations contained in paragraph 4 of the Amended Complaint are denied.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 of the Amended Complaint contain legal conclusions; therefore, no response is required.  Defendants do not dispute, however, that a lawsuit brought pursuant to 42 U.S.C. §§ 2000a-2000a-6 would raise a federal question under 28 U.S.C. § 1331.

6. The allegations contained in paragraph 6 of the Amended Complaint contain legal conclusions; therefore, no response is required.  Insofar as a response is required, the allegations are denied.

7. The allegations contained in paragraph 7 of the Amended Complaint contain legal conclusions; therefore, no response is required.  Defendants admit, however, that they reside in Muskogee County and that the business owned by Defendant Nicole Mayhorn Neal (hereinafter "business") is located in Muskogee, which is within the Eastern District of Oklahoma.

8. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 8 of the Amended Complaint and as such deny the allegations contained therein.

9. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 9 of the Amended Complaint and as such deny the allegations contained therein. However, Defendants do not deny that venue is appropriate in this Court.

## PARTIES

10. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 10 of the Amended Complaint and as such deny the allegations contained therein.

11. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 11 of the Amended Complaint and as such deny the allegations contained therein.

12. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 12 of the Amended Complaint and as such deny the allegations contained therein, except to affirmatively state that Plaintiff admitted to Defendants that he is a sharia-adherent Muslim.

13. Defendants deny the allegations set forth in paragraph 13 of the Amended Complaint and affirmatively state that Defendant Chad Neal is neither an owner nor an employee of an establishment that includes both a store and shooting range.

14. Defendants deny the allegations set forth in paragraph 14 of the Amended Complaint.

## STATEMENT OF FACTS

15. Defendants deny the allegations set forth in paragraph 15 of the Amended Complaint and affirmatively state that the business is located off of United States Highway 69, in Muskogee County, Oklahoma.

16. Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint in that the business is located on private property and that Defendants reside on this property; therefore, access is restricted. Defendants do not deny that the building located on this private property that is used for the business "was previously a highway gas station and convenience store."

17. Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint as stated. Defendants affirmatively state that every person must be a member to fire at the firing range, that each membership application is subject to review, and that a membership is only available to persons of legal age and who do not pose a safety threat without regard to the person's race, color, religion, or gender.

18. Defendants admit that the business seeks to remain open during "regular business hours" and that its business hours are posted. Defendants deny the remaining allegations.

19. Defendants admit that the business uses commercial signage to advertise its retail establishment. Defendants deny the remaining allegations.

20. Defendants deny the allegations set forth in paragraph 20 of the Amended Complaint as stated. Defendants affirmatively state that every person must be a member to fire at the firing range, that each membership application is subject to review, and that a membership is only available to persons of legal age and who do not pose a safety threat without regard to the person's race, color, religion, or gender.

21. Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint as stated. Defendants affirmatively state that operating a firing range is an inherently dangerous and serious business. Consequently, it is not at all like operating a movie theater or other business that is operated for the purpose of providing entertainment or recreation.

Defendants further state that the business does sell survival gear.  Insofar as paragraph 21 also contains legal conclusions, no response is required.

22.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 22 of the Amended Complaint and as such deny the allegations contained therein.

23.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 23 of the Amended Complaint and as such deny the allegations contained therein.  Insofar as paragraph 23 also contains legal conclusions, no response is required.  Defendants further state that persons who are not disqualified from using the firing range may bring their own guns and ammunition to use at the range so long as the guns and ammunition may be fired safely.

24.     Defendants admit that a small sign was posted near the entry of the business that contained the message set forth in paragraph 24 of the Amended Complaint and affirmatively state that this small sign contains political and public issue speech that is fully protected by the First and Fourteenth Amendments to the United States Constitution, that the sign was posted pursuant to this constitutional guarantee, and that the purpose of the sign is to exercise this fundamental right to freedom of speech.

25.     Defendants admit that at the time of the filing of the Amended Complaint, the sign identified in paragraph 24 of the Amended Complaint was posted, and continues to be posted, pursuant to the First Amendment's right to freedom of speech, which applies against the states and their political subdivisions by operation of the Fourteenth Amendment.

26.     Upon information and belief, Defendants admit that on or about October 23, 2015, Plaintiff entered the business and inquired about using the firing range.  Defendants further state that Plaintiff travelled to the business for the purpose of creating a conflict in order to instigate this

lawsuit. Plaintiff's motives and actions demonstrate a total disregard for safety and have thus created an ongoing safety concern for Defendants.

27. Defendants admit the allegations of paragraph 27 of the Amended Complaint.

28. Defendants admit that Plaintiff provided the requested information and further admit that Defendant Nicole Mayhorn Neal never questioned Plaintiff about his religion because that is not a criterion for determining who can or cannot use the range. Defendants deny the remaining allegations.

29. Defendants deny the allegations set forth in paragraph 29 of the Amended Complaint as stated.

30. Defendants deny the allegations set forth in paragraph 30 of the Amended Complaint as stated and affirmatively state that upon completing the paperwork, Plaintiff assumed a threatening posture and became belligerent with Defendant Nicole Mayhorn Neal, who was now concerned for her personal safety.

31. Defendants deny the allegations set forth in paragraph 31 of the Amended Complaint as stated and affirmatively state that upon Defendant Chad Neal realizing that Plaintiff was causing a problem at the main counter, Defendant Chad Neal, who was in a back room of the business, immediately came to his wife's (Defendant Nicole Mayhorn Neal) assistance.

32. Defendants deny the allegations set forth in paragraph 32 of the Amended Complaint as stated and affirmatively state that because operating a firing range is an inherently dangerous business, Defendants are always armed during business hours and were armed prior to Plaintiff's arrival. Defendants further state that Plaintiff was not permitted to use the firing range because he is a safety threat.

33. The allegations contained in paragraph 33 of the Amended Complaint are denied.

34. Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint as stated and affirmatively state that Plaintiff asserted that he is a sharia-adherent Muslim.

35. The allegations contained in paragraph 35 of the Amended Complaint are denied.

36. Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint as stated and affirmatively state that every person must be a member to fire at the firing range, that each membership application is subject to review, and that a membership is only available to persons of legal age and who do not pose a safety threat without regard to the person's race, color, religion, or gender. Defendants further state that pursuant to the business' standard practice, because Defendants were concerned that Plaintiff was a safety threat, a background check was warranted. And upon conducting this background check, Defendants learned, among other things, that Plaintiff was associated with the Council on American-Islamic Relations (CAIR), an organization with ties to terrorism, and he was sympathetic to the Black Panthers, a militant organization that calls for political revolution.

37. The allegations contained in paragraph 37 of the Amended Complaint are denied.

38. The allegations contained in paragraph 38 of the Amended Complaint are denied.

39. The allegations contained in paragraph 39 of the Amended Complaint are denied.

40. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40 of the Amended Complaint and as such deny the allegations contained therein. Defendants further state that Plaintiff's request to use the firing range was denied because he is a safety threat.

41. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 41 of the Amended Complaint and as such deny the allegations contained therein.

## NO CAUSES OF ACTION EXIST

42. Defendants incorporate by reference all responses to the allegations contained in the Amended Complaint as though fully set forth herein.

43. Defendants admit that all law-abiding American citizens are entitled to the equal protection of the law; however, no federal or state law compels owners of a firing range, an inherently dangerous business, to permit someone to fire a weapon on their premises when the owners believe that the person poses a safety threat to them, their employees and customers, and the general public. Defendants deny that Plaintiff was deprived of any right protected under the law.

44. The allegations contained in paragraph 44 of the Amended Complaint are denied.

45. The allegations contained in paragraph 45 of the Amended Complaint are denied.

## PRAYER FOR RELIEF

46. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

47. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

48. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

49. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

50. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

51. Denied. Defendants affirmatively assert that Plaintiff is entitled to no relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. The sign referred to in the Amended Complaint as a "Muslim Free" sign is political and public issue speech such that any cause of action based on this speech is barred by the First and Fourteenth Amendments.

3. Plaintiff's Amended Complaint fails to state a claim against Defendant Chad Neal, who is neither an owner nor an employee of the business.

4. Plaintiff's Amended Complaint is frivolous and a thinly veiled effort to silence Defendants' political and public issue speech protected by the First and Fourteenth Amendments.

5. Plaintiff's Amended Complaint is an abuse of process in that Plaintiff is engaging in meritless and vexatious litigation to harm Defendants and silence Defendants' political and public issue speech protected by the First and Fourteenth Amendments.

6. Plaintiff lacks standing.

7. Plaintiff's conduct giving rise to this lawsuit manifests bad faith and as such the claims set forth in the Amended Complaint are barred by the equitable doctrine of unclean hands.

8. Defendants are entitled to an award of their attorneys' fees, costs, and expenses for having to defend against this frivolous action.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all the issues so triable.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq.* (MI Bar No. P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756
Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org
*Admitted *pro hac vice*

/s/ *David Yerushalmi*
David Yerushalmi, Esq.* (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011;
NY Bar No. 4632568)
1901 Pennsylvania Avenue NW
Suite 201
Washington, D.C. 20006
dyerushalmi@americanfreedomlawcenter.org
Tel: (646) 262-0500
Fax: (801) 760-3901
*Admitted *pro hac vice*

WOOD, PUHL & WOOD, P.L.L.C.

/s/ *Scott B. Wood*
Scott B. Wood, Esq. (OBA 12536)
2409 E. Skelly Dr., Suite 200
Tulsa, Oklahoma 74105
Tel: (918) 742-0808
Fax: (918) 742-0812

*Attorneys for Defendants Chad Neal and Nicole Mayhorn Neal*

## CERTIFICATE OF SERVICE

This is to certify that on August 1, 2016, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Heather L. Weaver

>Brady R. Henderson

>Veronica Y. Laizure

>Daniel I. Mach

There are no parties to this action who are not registrants in the ECF System.

>/s/ *Robert J. Muise*
>Robert J. Muise, Esq.