**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

RAJA'EE FATIHAH,                )
                                )
        Plaintiff,               )
                                )
v.                              )       Case No. CIV-16-058-JHP
                                )
CHAD NEAL, d/b/a Save Yourself  )
Survival and Tactical Gun       )
Range; and                      )
NICOLE MAYHORN NEAL, d/b/a      )
Save Yourself Survival and      )
Tactical Gun Range,             )
                                )
        Defendants.              )

## **FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion to Determine Sufficiency of Responses to Requests for Admission Nos. 1, 3-14 (Docket Entry #44). By Order entered February 14, 2017, United States District Judge James H. Payne referred the subject motion to the undersigned for the entry of Findings and a Recommendation.

On December 19, 2016, Plaintiff served Defendants with Requests for Admissions. Plaintiff asserts the requests he propounded were directed toward issues raised in Defendants' expert's report which was produced on November 21, 2016. Defendants served responses to the requests for admission on January 16, 2017. Plaintiff contends that responses were "insufficient". After e-mail and telephonic communications, counsel were not able to resolve their differences, prompting the subject Motion.

An examination of the text of Fed. R. Civ. P. 36 governing the submission of and responses to requests for admission is an important origination point for the legal analysis required by Plaintiff's motion. Rule 36 provides, in pertinent part, as follows:

> **(a) Scope and Procedure.**
>
> **(1) Scope.** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> > (A) facts, the application of law to fact, or opinions about either; and
> >
> > (B) the genuineness of any described documents.
>
> **(2) Form; Copy of a Document.** Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.
>
> \* \* \*
>
> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> **(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

**(6) Motion Regarding the Sufficiency of an Answer or Objection.** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a).

Requests for admissions serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36, Advisory Committee's note (1970). Generally, the purpose "is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." Deya v. Hiawatha Hosp. Ass'n, Inc., 2011 WL 1559422, *2 (D. Kans.).

The determination of sufficiency ultimately rests within the court's discretion. Harris v. Oil Reclaiming Co., LTD., 190 F.R.D. 674, 679 (D.Kan. 1999). When presented with a question of sufficiency, the court follows the process set forth by Rule 36(a)(6). First, the court must determine the validity of any objections. If the court determines that an objection is justified, no answer is required. If the objection is found to be

improper or invalid, an answer must be provided. <u>Audiotext Comm. Network, Inc. v. U.S. Telecom, Inc.</u>, 1995 WL 625744, at *4 (D. Kans.). When evaluating the sufficiency of an answer, the court considers the phrasing of the request itself. <u>Solis v. La Familia Corp.</u>, 2012 WL 1906508, at *2 (D. Kans.); <u>Deya v. Hiawatha Hosp. Ass'n, Inc.</u>, *supra* at *2. If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served. Fed. R. Civ. P. 36(a)(6). Ultimately, the failure to provide accurate responses to requests for admissions may result in the imposition of sanctions. Specifically, Fed. R. Civ. P. 37(c)(2) provides

> **(2) Failure to Admit**. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

In evaluating the sufficiency of a response to a request for admission, however, Rule 36 also implicitly provides limitations upon the Court's ability to require further responses from the requested party. This Court concurs with the court in the case of

Ash Grove Cement v. Employers Ins. of Wausau, 2007 WL 2333350, *2 (D. Kans.) when it reasoned

> Although the Court may deem a request admitted, Rule 36 does not mandate admissions. It exposes the responding party to possible sanctions, if a denial unreasonably causes a requesting party to incur the expense of proof. But the election to admit or deny belongs to the party responding to the requests. . . . The Court does not at this point determine the merit or lack of merit for the substantive content of a request for admission. This is not a dispositive motion. Neither the Federal Rules of Civil Procedure nor the Rules of Practice of the United States District Court for the District of Kansas, furthermore, require parties to explain a denial. If Defendant later proves a denied matter is true, Federal Rule of Civil Procedure 37(c)(2) provides proper recourse.

With these precepts and constraints in mind, the Court looks to the specific requests and responses.

**Request for Admission No. 1** –

Plaintiff seeks an admission that Defendants "have no knowledge or evidence" that Plaintiff read certain materials identified by Defendants' expert, Stephen C. Coughlin, in his report. "Subject to the objections", Defendants denied the request, qualifying the answer that "[a]s a sharia-adherent Muslim, Plaintiff should have knowledge of what his religion teaches, including knowledge about what authoritative sources say about his religion."

The "objections" to which Defendants refer consists of a litany of general objections set out at the beginning of Defendants' responses. These objections are insufficient since

5

Defendants bear the burden to show the applicability of any objection which is lodged. Moses v. Halstead, 236 F.R.D. 667, 680 (D.Kans. 2006). These general objections lack the specificity to any particular request for this Court to find Defendants have sustained their burden of persuasion on each.

Nevertheless, while Plaintiff seeks a determination that Defendants failed to answer the request actually posed, this Court finds that the answer to Request for Admission No. 1 is sufficient. The additional information provided is superfluous to the responsibility imposed by Rule 36 for Defendants to admit or deny the request. The Rule requires nothing more. As with all of Defendants' responses, a successful challenge to the veracity of the response is subject to subsequent sanction.

**Request for Admission No. 3** –

Plaintiff seeks an admission that Defendants have no knowledge or evidence that he has been indicted or convicted of a crime. Defendants deny the request to admit, stating that members of Council on American-Islamic Relations ("CAIR") have been indicted and convicted of criminal activity. This response is also sufficient. Defendants' additional qualification of the denial is not required.

**Requests for Admission Nos. 4 and 5** –

Plaintiff seeks an admission that Defendants have no knowledge or evidence that CAIR or CAIR-Oklahoma have ever been indicted or

6

convicted of a crime. Defendants objected to the request as ambiguous and vague and then denied the request. Defendants cannot have it both ways. Since the objection is not supported by explanation, the request stands as denied. Defendants draw a distinction between members of CAIR which they contend have been convicted of criminal activity and CAIR as an organization, which they assert are designated as a terrorist organization and named as an unindicted co-conspirator in a federal criminal case. This Court must conclude that Defendants' denial is sufficient. While the explanation accompanying the denial is not required, CAIR and CAIR-Oklahoma are comprised of individuals. The distinction Defendants draw between the organization and the members of the organization does not render the denial insufficient.

**Request for Admission Nos 6-9** –

Through this series of requests, Plaintiff seeks admissions that Plaintiff has "no knowledge or evidence" that Plaintiff had contact with the organizations of Hamas, Al Qaeda, the Muslim Brotherhood, and the Islamic Association for Palestine. Defendants again object to the requests as "ambiguous and vague" but provide no explanation for the objection on each particular request. Defendants then proceed to deny the requests. Again, Defendants' responses appear to draw a circuitous distinction between CAIR's alleged contact with these organizations and Plaintiff's direct contact, asserting Plaintiff is a member of CAIR, CAIR had varying

7

degrees of contact with the designated organizations, therefore, it is denied that Plaintiff had no contact with the organizations. This Court finds the answers to be sufficient based upon the denial of the request.

**Request for Admissions Nos. 10-13** –

Plaintiff requests that Defendants admit they have "no knowledge or evidence" that CAIR-Oklahoma or its employees or board members had "personally had contact" with Hamas, Al Qaeda, the Muslim Brotherhood, or the Islamic Association for Palestine. Defendants, with support, object to the requests as "ambiguous and vague" - an objection rejected by this Court as previously stated. The requests are denied thereafter with the same explanation of the organizational relationship between CAIR-Oklahoma, CAIR, and the identified organizations. Defendants again state Plaintiff is a member of CAIR-Oklahoma which ostensibly justifies the denial of the request. The responses are deemed sufficient on a similar basis as this Court's prior rulings on the subject requests.

**Requests for Admissions No. 14** –

Plaintiff requests that Defendants admit that they "have no knowledge or evidence" that CAIR-Oklahoma was involved in the Holy Land Foundation trial referenced in Defendants' expert's report. Defendants first object to the request as "ambiguous and vague" but also deny the request drawing the connection between CAIR and CAIR-Oklahoma as well as the connection of CAIR with the Holy Land

Foundation trial as an unindicted co-conspirator. The objection is not adequately explained or supported. However, the denial is sufficient under the requirements of Rule 36. This Court, of course, does not accept the veracity of Defendants' explanation or the proceedings that occurred in the referenced trial. But veracity is not required under the applicable Rule - only sufficiency.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Motion to Determine Sufficiency of Responses to Requests for Admission Nos. 1, 3-14 (Docket Entry #44) be **GRANTED** but that the responses provided by Defendants be deemed sufficient.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE