UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RAJA'EE FATIHAH,

    Plaintiff,

v.

CHAD NEAL (d.b.a. Save Yourself Survival and Tactical Gun Range) and **NICOLE MAYHORN NEAL** (d.b.a. Save Yourself Survival and Tactical Gun Range),

    Defendants.

Case No. 6:16-cv-00058-RAW

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff hereby moves the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss his claims against Defendants without prejudice. This Court should grant Plaintiff's motion because recent factual developments have provided Plaintiff with relief that is satisfactory at this time, the parties would not suffer "legal prejudice," and judicial economy would be promoted.

**BACKGROUND**

Plaintiff filed this lawsuit on February 17, 2016, challenging the religiously segregated nature of Defendants' business, Save Yourself Survival and Tactical Gun Range, a place of public accommodation. *See* Order, ECF. No. 97, 1, 7 (holding that "Defendants' gun range is a 'place of public accommodation.'"). At the time, a sign posted on the business's front window announced, *"THIS PRIVATELY OWNED BUSINESS IS A* <u>MUSLIM FREE</u>

1

ESTABLISHMENT!!! *WE RESERVE THE RIGHT TO REFUSE SERVICE TO ANYONE!!! THANK YOU!*" *Id.* at 1. On October 23, 2015, Plaintiff, a practicing Muslim, visited Defendants' business. *Id.* at 8. After Plaintiff informed Defendants that he was Muslim, they refused him service. *Id*.

On December 11, 2018, Defendants reported to Plaintiff and this Court that the "Muslim Free Establishment" sign remained posted at their business. Joint Status Report, ECF No. 96, 1. However, on March 22, 2019, nearly two years after the close of discovery and the advancement of this litigation to pre-trial proceedings, Defendants served Plaintiff with supplemental disclosures revealing that they had removed the "Muslim Free Establishment" sign from the front of their store. *See* Ex. 1, Defs.' Supp. Disclosures/Production, at 9-10 (Mar. 22, 2019).[1]

In an effort to gather more information about what appeared to be a material change in facts, and to determine how the new developments would affect Plaintiff's claim and the need to proceed with the upcoming trial, Plaintiff asked Defendants to agree to limited discovery (in the form of interrogatories) regarding the events evidenced in their supplemental disclosures. *See* Ex. 3, Pl.'s Supp. Interrogs. Directed to Defs. (Mar. 29, 2019). Defendants agreed,[2] and produced their responses on April 17, 2019. *See* Ex. 4, Defs.' Responses to Pl.'s Supp. Interrogs.

In their April 17 interrogatory responses, Defendants explained that they had actually removed their "Muslim Free Establishment" sign from the front of their business months ago— on December 21, 2018, just two days after this Court denied their summary judgment motion.

---

[1] Subsequently, on March 29, 2019, Defendants served Plaintiff with a second set of supplemental disclosures, which included photos and security-camera footage of an apparent customer at their Gun Range. The photos and video were from May of 2017. *See* Ex. 2, Defs.' Supp. Disclosures/Production (Mar. 29, 2019).

[2] In exchange, Plaintiff agreed to answer an interrogatory pertaining to the photos and security-camera footage produced by Defendants on March 22 and March 29. Defendants asked whether Plaintiff recognized the individual depicted in the materials. Plaintiff responded that he did not.

Ex.4 at 7-8 ("Our plan was to keep [the sign] up past a ruling on summary judgment, and then take it down on our terms, which we did"). According to Defendants, the "sign no longer serves any purpose for us." *Id*. at 8. Defendants further stated that they "have no reason, desire, or intention to post [the sign] again." *Id.* And they affirmed that, since removing the "Muslim Free Establishment" sign from the front of their business, they have not posted it elsewhere; nor have they posted any other sign that expressly indicates a refusal to serve Muslims or any customer on the basis of religion. *Id.*[3]

After removing their religiously discriminatory sign and recently disclosing these new facts to Plaintiff, Defendants then avowed that they will not refuse service to any customer on the basis of the customer's religion. *See, e.g.*, *id.* at 11 (confirming that a customer "would not be denied service simply because we know that he or she is a Muslim"); *id.* at 15 ("A man entering the business wearing a turban would not alone be a basis for excluding him from using the range."); *see also, e.g.*, *id.* at 9 ("[W]e do not have a policy of denying service to any individual simply because he is, or claims to be, a Muslim."); *id.* at 16 ("[T]he business does not refuse service to anyone on the basis of his or her religion[.]"). And, in fact, Defendants' April 17 interrogatory responses revealed that they have served a customer whom they knew to be Muslim. *Id.* at 6, 11 ("He was not refused service at any time nor will he be refused service in the future because he posed no safety threat.").

---

[3] Defendants also revealed to Plaintiff that, on March 18, 2019, they posted a new sign at the front of their store, declaring the business a "Terrorist Free Establishment." Ex. 1 at 9-10, 15-18; Ex. 4 at 10-11. According to Defendants, the sign was inspired by the terrorist attack by a white supremacist in New Zealand. Ex. 4 at 10-11. The sign indicates that Defendants will not serve any individual who is associated with or supports groups that Defendants believe—whether correctly or incorrectly—to be terrorist organizations.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 41(a)(2) allows for voluntary dismissal of a plaintiff's claims without prejudice. The purpose of requiring court approval for voluntary dismissals is to protect the nonmovant from unfair treatment. *See Phillips USA, Inc. v. Allflex USA, Inc*, 77 F.3d 354, 357 (10th Cir. 1996) ("[W]hen considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.") (internal quotation marks omitted).

"Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). To determine whether a defendant will suffer legal prejudice, the U.S. Court of Appeals for the Tenth Circuit has identified four factors that should be considered: "[T]he opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* at 1537. These factors are "by no means exclusive" and "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate." *Id.* Indeed, "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks omitted).

Here, all four factors show that voluntary dismissal will not prejudice the Defendants. The markedly changed factual circumstances—including Defendants' removal of their discriminatory sign, their affirmation that they do not intend to repost it, their subsequent avowal that they will not discriminate against Muslims, and their service of at least one customer whom

4

they knew to be Muslim—present sufficient justification for Plaintiff to seek dismissal. *See, e.g.*, *FMC Corp. v. U.S. E.P.A.*, 279 F.R.D. 14, 17 (D.D.C. 2011) ("[C]hanged circumstances appears to be a logical reason for the plaintiff's motion and does not evidence bad faith."); *see also, e.g.*, *MBRO Capital, LLC v. Stolzar*, No. 3:09–cv–1688, 2011 WL 65913, at *4, 5 (D. Conn. Jan. 5, 2011) (granting motion for voluntarily dismissal where there was "significant change in the facts underlying the suit"). In light of the significant change in facts, Plaintiff is satisfied that Defendants have adequately disavowed the religiously discriminatory policy announced by their "Muslim Free Establishment" sign and that they will not discriminate against Muslims in the future, solely based on their Islamic faith. As there is no other substantial relief for Plaintiff to seek at this moment, voluntary dismissal is appropriate and serves the interest of judicial economy.

Moreover, Defendants have not been subjected to excessive or unexpected expenditures in preparation for trial, and Plaintiff has not delayed. On the contrary, this motion for voluntary dismissal comes less than a month after Defendants first revealed significant changes in material facts unknown to Plaintiff, and mere days after Defendants have, for the first time, fully disclosed and explained (via interrogatory responses) these markedly changed factual circumstances. *See generally* Exs. 1, 4.[4]

Indeed, even if the timing of Plaintiff's motion did somehow prejudice Defendants, any prejudice would be a result of Defendants' own conduct. In their April 17 interrogatory responses, Defendants admitted that they have long intended to take down their discriminatory sign, but purposefully delayed doing so until after this Court's summary judgment ruling. Ex. 4

---

[4] In addition, the scheduled trial is more than two months away and the parties have not yet filed trial-related materials other than exhibit and witness lists. Plaintiff likewise does not seek to avoid an adverse decision on a dispositive motion, given that Defendants' motion for summary judgment has already been denied. Order, ECF No. 97 at 11; *Phillips USA, Inc.*, 77 F.3d at 358.

at 7-8. Then, after removing their sign on December 21, 2018, they waited another three months to notify Plaintiff that a central fact in this case had changed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for voluntary dismissal without prejudice.

Respectfully submitted,

 /s/ Heather L. Weaver
Heather L. Weaver* - DC Bar # 495582
Daniel Mach* - DC Bar # 461652
American Civil Liberties Union Foundation
915 15th St., NW
Suite 600
Washington, DC 20005
(202) 675-2330, (202) 546-0738 (fax)
Email: hweaver@aclu.org
dmach@aclu.org

Jill Webb - OBA #21402
American Civil Liberties Union of Oklahoma Foundation
P.O. Box 1626
Oklahoma City, OK 73101-1626
(405) 524-8511, (405) 525-2296 (fax)
Email: jwebb@acluok.org

Lindsay C. Harrison* - DC Bar # 977407
Jenner & Block LLP
1099 New York Ave NW
Suite 900
Washington, DC 20001
(202) 639-6865
Email: lharrison@jenner.com

Veronica Laizure - OBA #32040
Council on American Islamic Relations of Oklahoma
3000 United Founders Blvd., Suite 226
Oklahoma City, OK 73112
(405) 415-6815, (405) 526-0461 (fax)
Email: vLaizure@cair.com

Brady R. Henderson - OBA#21212
Cream City Law, LLC
1123 N Water St, Suite 400
Milwaukee, WI 53202
(414) 563-7453
Email: brady@creamcity.law

*Admitted pro hac vice

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I certify that on April 19, 2019, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants. There are no parties to this action who are not registrants in the ECF system.

                              */s/ Heather L. Weaver*
                              Heather L. Weaver